UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

JOSE CRISTOBAL CARDONA,

    Plaintiff,

V.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 7:16-069-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Jose Cristobal Cardona is a prisoner at the United States Penitentiary (USP) – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Cardona filed a civil rights complaint with this Court in which he asserted numerous claims against the Bureau of Prisons and a number of prison officials. [R. 1].

The Court conducted a preliminary review of Cardona's complaint and determined that he improperly alleged multiple distinct claims against several different defendants in one case. [R. 3]. While the Court resolved some of those claims, it severed the remaining claims from Cardona's complaint and directed the Clerk of the Court to open new civil actions in which those unrelated claims could be resolved. [R. 3].

This case is one of those new civil actions, and it involves only Cardona's claim that he was attacked while in transit from a federal prison in Allenwood, Pennsylvania to USP – Big Sandy. [R. 1. at ¶ 13-19; R. 3 at 6, 9]. After this new civil action was opened, Cardona filed an amended complaint regarding this matter. [R. 7]. In that amended complaint, Cardona makes it clear that this action is only against the United States of America pursuant to the Federal Tort Claims Act (FTCA). [R. 7]. Cardona indicates that he is seeking damages against the United States pursuant to the FTCA

because of the allegedly "negligent and wrongful acts and omissions of government employees while acting within the scope of their employment." [R. 7].

Cardona, however, has not demonstrated that the Court has jurisdiction to consider his FTCA claim. The Sixth Circuit has made it clear that, under the FTCA, "a claim against the United States for money damages for personal injury cannot be instituted unless the claimant has first presented the claim to the appropriate federal agency and his or her claim has been finally denied by the agency in writing and sent by certified or registered mail." *Myers v. United States*, 526 F.3d 303, 305 (6th Cir. 2008) (citing 28 U.S.C. § 2675(a)). Here, there is no indication from any of Cardona's submissions that he presented his claim to the Bureau of Prisons for administrative settlement and was denied prior to filing suit. Thus, the Court lacks jurisdiction over this action. *See also McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that the district court properly dismissed the plaintiff's complaint for lack of jurisdiction because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies" and the plaintiff "failed to heed that clear statutory command").

Accordingly, it is hereby **ORDERED** as follows:

1. Cardona's complaint [R. 1. at ¶ 13-19] and amended complaint [R. 7] are **DISMISSED WITHOUT PREJUDICE**.
2. This action is **STRICKEN** from the Court's docket.
3. A corresponding judgment will be entered this date.

Dated August 9, 2017.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY