UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

JOSE CRISTOBAL CARDONA,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 7:16-069-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Jose Cristobal Cardona is a prisoner at the United States Penitentiary (USP) – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Cardona filed a civil rights complaint with this Court pursuing a claim against the United States of America pursuant to the Federal Tort Claims Act (FTCA). The Government has now filed a motion to dismiss Cardona's case or, in the alternative, a motion for summary judgment. Cardona opposes that motion, and he has also filed his own motion for summary judgment. For the reasons set forth below, the Court will deny both parties' dispositive motions and will refer this case to a Magistrate Judge for further proceedings.

I.

On December 7, 2015, Cardona filed an initial *pro se* civil rights complaint with the Court in which he asserted constitutional claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), as well as a claim under the FTCA. *See Cardona v. Federal Bureau of Prisons*, No. 7:15-cv-125-ART at R. 1 (E.D. Ky. 2015).

On May 6, 2016, the Court finished its preliminary review of Cardona's complaint and issued its screening order. *See id.* at R. 7. The Court first indicated that Cardona improperly

alleged multiple distinct claims against several different defendants in one case. *See id.* at R. 7 at 2, 6. The Court then dismissed Cardona's FTCA claims because he named the Bureau of Prisons (BOP) as the defendant, rather than the United States. *See id.* at R. 7 at 6. The Court then determined that Cardona's claim for lack of treatment for Hepatitis C must be dismissed for lack of jurisdiction to the extent that it related to events occurring at his previous prison in Pennsylvania, although it survived as it related to his alleged lack of treatment at USP-Big Sandy. *Id.*

The Court noted that Cardona's remaining "non-Hepatitis C" claims fit into three groups: "First, Cardona claims he was attacked in transit from USP – Allenwood in Pennsylvania to USP – Big Sandy. Second, Cardona lists grievances with conditions at USP – Big Sandy. Third, Cardona claims staff confiscated his cap." *Id.* (citations omitted). Since those claims were distinct from Cardona's Hepatitis C claim and were also distinct from one another, the Court severed those three claims from the original action. *See id.* at R. 7 at 7. The Court then directed the Clerk of the Court to open three new cases, each with a newly-assigned case number, in which those three unrelated claims could be resolved. *See id.*

This case is one of those new civil actions, and it involves only Cardona's claim that he was attacked while in transit from a federal prison in Allenwood, Pennsylvania to USP–Big Sandy. [R. 1. at ¶ 13-19; R. 3 at 6, 9]. On May 31, 2016, just weeks after the Court opened this new civil action, Cardona filed an amended complaint regarding this matter. [R. 7]. In that amended complaint, Cardona makes it clear that he seeks to pursue his FTCA claim in this case and he names the United States of America as the defendant. [R. 7].

This case was reassigned to the undersigned Judge [R. 14], and, eventually, in February 2018, the Government filed a motion to dismiss Cardona's case or, in the alternative, a motion for

2

summary judgment. [R. 29]. The Government's principal argument is that Cardona's FTCA claim is barred by the statute of limitations and, thus, his case should be dismissed. [R. 29-1].

The Government initially argued in its dispositive motion that Cardona's FTCA claim was untimely because the BOP administratively denied his claim on June 2, 2015 and, under the law, he only had six months to file a lawsuit in federal court. [R. 29-1 at 5-8]. The Government reasoned that since Cardona did not file his initial complaint until December 7, 2015, he was at least five days past the statute of limitations. [R. 29-1 at 8, 10]. However, the Government also argued that "the most appropriate date to be used for the underlying [statute of limitations] is the date of the amended complaint, May 31, 2016, which was five months and 30 days late." [R. 29-1 at 10-11]. The Government explained its position by saying, "While the original complaint did allege the underlying facts, the original FTCA claim was *dismissed without prejudice* by the Court because the Plaintiff did not name the United States as a defendant, resulting in a fatal lack of jurisdiction by the Court and dismissal." [R. 29-1 at 10-11 (emphasis in the original)].

That said, after the Government filed its dispositive motion and Cardona filed his response, the Government learned that, back in June 2015, Cardona had asked the BOP to reconsider his FTCA claim. According to the Government, the BOP received that request for reconsideration on June 16, 2015 and rejected it on July 2, 2015. [R. 44 at 4]. Given this new information, it appears that Cardona's initial complaint, which he filed on December 7, 2015, *was* brought within six months of the date that the BOP administratively denied his FTCA claim. Nevertheless, since the Court dismissed Cardona's FTCA claim without prejudice on May 6, 2016, and he did not file his amended complaint until May 31, 2016, the Government continues to argue that Cardona's FTCA claim is untimely and therefore should be dismissed. [R. 44 at 5]. Cardona responds by arguing that the Court should consider his FTCA claim timely. [R. 38]. Cardona also filed his own motion

3

for summary judgment [R. 40], which the Government opposes [R. 45]. Both parties' dispositive motions are now ripe for a decision.

II.

The principal issue before this Court is whether Cardona's FTCA claim is time-barred. The Court has fully reviewed the Government's dispositive motion and supporting arguments but concludes that, to the extent that Cardona's FTCA claim is untimely, the specific facts of this case justify tolling the statute of limitations on equitable grounds.

Under the law, a court may equitably toll the statute of limitations in a FTCA case. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015). The United States Court of Appeals for the Sixth Circuit has explained that a court should consider several factors in deciding whether to apply equitable tolling to an otherwise-late claim. *See Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). Those factors include: "(1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Id.* (citation and quotation marks omitted). That said, the Sixth Circuit has also "recognized [the] limitations to this approach" and has cast[ed] doubt on the need for strict adherence to it." *Id.* Ultimately, while the court continues to apply the factor test, it has repeatedly emphasized that "the 'propriety of equitable tolling must necessarily be determined on a case-by-case basis.'" *Id.* at 557 (quoting *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

With respect to the first two equitable tolling factors, the BOP notified Cardona that, once it denied his FTCA claim, he had six months to file a civil complaint in federal court, and Cardona does not dispute that he knew of this filing requirement. Still, Cardona complied with that

requirement by filing his complaint with this Court within the time allotted, and he did so while in federal prison and without the assistance of a lawyer. Cardona also repeatedly indicated in his complaint that he was asserting his FTCA claim arising from his allegations that he was attacked while in transit from USP-Allenwood to USP-Big Sandy. Unfortunately, Cardona just named the wrong defendant.

Cardona then waited for the Court to conduct its initial review. Once the Court issued its screening order six months later, and it was apparent that Cardona's initial complaint was defective in certain respects—most notably, his naming the "Federal Bureau of Prisons" as the defendant instead of the "United States of America"—he quickly filed an amended complaint in an attempt to cure those deficiencies. Thus, with respect to the third equitable tolling factor, Cardona diligently pursued his FTCA claim. Finally, with respect to the fifth equitable tolling factor, there is no indication that Cardona remained ignorant of any specific, relevant legal requirement.

To be sure, the fourth equitable tolling factor may cut slightly against Cardona, as the Government will necessarily suffer some prejudice if he can proceed on his FTCA claim. But whatever prejudice the Government may suffer is outweighed by the fact that Cardona's initial complaint was timely and, in that submission, he repeatedly indicated that he was asserting a FTCA claim against the federal government. Again, at bottom, Cardona's mistake was naming the "Federal Bureau of Prisons" as the defendant in his initial complaint, rather than the "United States of America." Given the specific facts of this case, including Cardona's status as an incarcerated, *pro se* litigant, the Court finds that equitable tolling is warranted. Therefore, the Court will deny the Government's motion to dismiss.

Finally, while the Government and Cardona have also both moved for summary judgment [Rs. 29, 40], summary judgment would be premature in this matter given the limited record before

5

the Court and the fact that the parties have not engaged in discovery. *See Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) ("The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery."). Therefore, the Court will deny both parties' motions for summary judgment as simply premature at this stage.

Ordinarily, at this point in a civil case, the parties would exchange initial disclosures and confer on a proposed discovery plan. However, an action brought by a *pro se* prisoner, such as this case, is exempt from these requirements. *See* Fed. R. Civ. P. 16(b), 26(a)(1)(B)(iv), 26(f)(1); LR 16.1(c). Thus, the Court will refer this matter to a Magistrate Judge to oversee discovery and all matters of pretrial management.

## III.

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

1. The Government's motion to dismiss or, in the alternative, motion for summary judgment [R. 29] is **DENIED**.

2. Cardona's motion for summary judgment [R. 40] is also **DENIED**.

3. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

4. The Clerk of the Court shall **ASSIGN** this matter to a Magistrate Judge.

This 24 day of August, 2018.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY