UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| **JOSE CRISTOBAL CARDONA,** <br> **Plaintiff,** <br><br> V. <br><br> **UNITED STATES OF AMERICA,** <br> **Defendant.** | **CIVIL NO. 7:16-69-KKC-EBA** <br><br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff's motion for reconsideration. On February 20, 2020, the magistrate judge issued a Recommended Disposition addressing the motions that were, at that time, pending in this matter. (DE 111). On March 11, 2020, the Court, noting that no party had filed any objections, adopted the Recommended Disposition as the Court's opinion, issued a judgment in Defendant's favor, and dismissed the matter from the Court's active docket. (DE 112; DE 113.) Plaintiff sent a letter to the Court on March 27, 2020, claiming that he never received a copy of Docket Entry 111, the Recommended Disposition. (DE 114.) On March 30, 2020, Plaintiff filed a motion for an extension of time to file objections to the Recommended Disposition (DE 115), and a motion for reconsideration under Federal Rule of Civil Procedure 59(e), or, in the alternative, Rule 60(b)(4), premised on his never having received a copy of the Recommended Disposition (DE 116). On April 22, 2020, the Court issued an order allowing Plaintiff to file any and all objections that he may have to the Recommended Disposition, and stating that it would take those objections under consideration as a supplement to the motion for consideration. (DE 117.)

1

Plaintiff's objections having now been filed (DE 120), the Court will deny his motion for reconsideration. To prevail on a motion to alter or amend a judgment under Rule 59(e), a party must show that there has been "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted). A motion under Rule 59 does not allow parties to reargue their case or to raise arguments which could, and should, have been raised before. *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). "The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citations and internal quotation marks omitted). Alternatively, under Rule 60(b)(4), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." "For purposes of Rule 60(b)(4), a judgment is void if a court entered an order outside its legal powers." *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 516 (6th Cir. 2001) (Batchelder, J., concurring). "A judgment is not void simply because it is or may have been erroneous, and a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011) (citations, internal quotation marks, and ellipsis omitted). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (citation, internal quotation marks, and emphasis omitted).

The extent to which Plaintiff's motion is premised on his not having had the opportunity to review the Recommended Disposition and offer objections, Plaintiff has now been afforded that opportunity, and the motion is moot. Further, Plaintiff's objections do not

disrupt this Court's prior order (DE 112) adopting the Recommended Disposition as its opinion.

Plaintiff's first objection is that the magistrate judge "fails to find that Plaintiff was shackled and in belly chains[,] defenseless to the assault in question." (DE 120 at 2.) However, the Recommended Disposition explicitly acknowledges that Plaintiff and other inmates were shackled at the time of the incident. (DE 111 at 13-14.)

Plaintiff's second objection is that the magistrate judge "fails to find whether or not Defendant[s] were negligent for failing to protect the Plaintiff's duty of care for preventing Inmate A to board transport bus with a weapon." (DE 120 at 2.) However, the Recommended Disposition includes a thorough and well-reasoned negligence analysis and a finding that the government did not violate a duty of care owed to Plaintiff. (DE 11 at 13-19.)

Plaintiff's third, fourth, and fifth objections appear to relate to Plaintiff's "motion to add civil rights complaint." (DE 120 at 2-3.) In all three objections, Plaintiff protests the magistrate judge having construed his prior "motion for leave to supplement complaint" (DE 94) as relating to a separate incident in September 2019; Plaintiff contends that he sought to add claims "in relation to the July 30, 2014 bus attack." (DE 120 at 2.) Even if the Court were to accept Plaintiff's contentions, the "motion for leave to supplement complaint" was filed almost ten months past the scheduling order's deadline to amend pleadings (DE 59).

Plaintiff's sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth objections appear to relate to the Recommended Disposition's treatment of the cross-motions for summary judgment. (DE 120 at 3-5.) On review, these objections appear merely to be disagreements with the magistrate judge's ultimate findings, entirely conclusory in nature, and failing to present any sound basis in fact or law upon which the Court might contradict its prior adoption of the Recommended Disposition as its opinion.

Plaintiff's final objection criticizes the magistrate judge for having failed to "subject the Defendant's motion for summary judgment to Rule 56... standard of review as applied to the Plaintiff's motion for summary judgment." (DE 120 at 5.) However, the Recommended Disposition provides a thorough and well-reasoned analysis of both motions for summary judgment, correctly applying the applicable standard of review. (DE 111 at 10-18.)

Accordingly, the Court hereby ORDERS that:

1) Plaintiff's motion for reconsideration (DE 116) is DENIED; and

2) this matter shall remain DISMISSED and STRICKEN from the active docket of this Court.

Dated July 6, 2020

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY